**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MIRIAM L. POPE** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:25-CV-529 (CAR)** |
| | : | |
| **APPLE, INC. and AT&T CORP.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS COMPLAINT**

*Pro se* Plaintiff Miriam L. Pope filed this action[1] against Defendants Apple, Inc. ("Apple") and AT&T Corporation ("AT&T") asserting claims for false advertising under the Lanham Act, unspecified torts, and fraud after having issues with multiple Apple devices she bought from AT&T. Before the Court are Defendants' Motions to Dismiss the Complaint as a shotgun pleading, for failure to state a claim, and for lack of jurisdiction. Having considered the Motions, the pleadings, and the applicable law, Defendants' Motions [Docs. 9 and 10] are **GRANTED**.

Because Plaintiff is *pro se*, and "a more carefully drafted complaint might state a claim," the Court must afford her an opportunity to amend her Complaint.[2] Thus, Plaintiff is **ORDERED** to file any amended complaint by August 19, 2026. Any amended complaint

[1] Plaintiff paid the filing fee; she is not proceeding *in forma pauperis.*
[2] *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).

will take the place of and supersede Plaintiff's original complaint.[3] Thus, if Plaintiff files an amended complaint, she must include all allegations. Plaintiff's failure to file an amended complaint will result in the dismissal of this case.

## BACKGROUND

Plaintiff alleges she purchased a new iPhone 11 Pro Max from AT&T in November 2020, and Apple could not resolve technical issues and problems "through remote support" or during Plaintiff's "three to four in store visits[.]"[4] In "mid-2023," "due to new contract provisions … on accounts in 'past due status,'" AT&T "refused to release a device," presumably referring to Plaintiff's iPhone 11 Pro Max.[5] Plaintiff contradictorily alleges the device "had been 'paid in full,'"[6] but also states "due to these seemingly constant 'at will' contract changes over the years, Plaintiff chose not to make any further payments on said account to [AT&T]."[7] Plaintiff states her "non-performance under this 'ever changing' contract was always met with numerous late charges, overburdensome fees, disconnection of services, multiple oppressive phone calls to reach a customer service representative, long wait times to reach a customer support representative, reaching a customer service rep that spoke little English, all resulting in[] little to no resolution of Plaintiff's repeated complaints, issues, or concerns."[8] Plaintiff contends she

---

[3] *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013).
[4] Compl. at ¶¶ 9-11 [Doc. 1].
[5] *Id.* at ¶ 12.
[6] *Id.*
[7] *Id.*
[8] *Id.* at ¶ 13.

made "multiple requests" to obtain a copy of her contract, but AT&T never provided the original contract, contract revisions, or renewals thereof.[9]

During this same period in 2023, Plaintiff "became engaged [in] a quarrel with [Apple]. regarding certain technical problems and issues she was experiencing with her Apple devices."[10] She "suffered through multiple oppressive conversations and chats with [Apple]. in attempts to resolve her technical issues."[11] Plaintiff also experienced "unknown and unauthorized charges" associated with her iCloud account but "lost very little monetarily."[12]

In mid-August 2023, AT&T "discontinued Plaintiff's cellular service on her iPhone 11 Pro Max and iPad due to nonpayment."[13] Plaintiff was apparently still able to use her devices on Wifi services, but claims her password was changed, and "Defendants would only have the means to make this type of change without Plaintiff's authorization."[14] Apple deemed her "original device" "beyond repair" and her iCloud account "as a 'compromised iCloud' due to fraudulent activity, being hacked, or a virus of some form."[15]

On August 30, 2023, Plaintiff purchased a new iPhone 13 and iPad Pro from the Apple Store located at Lenox Matt in Atlanta, Georgia and established a new iCloud

---

[9] *Id.*
[10] *Id.* at ¶ 15.
[11] *Id.* at ¶ 17.
[12] *Id.* at ¶ 16.
[13] *Id.* at ¶ 21.
[14] *Id.* at ¶ 22.
[15] *Id.* at ¶¶ 23 & 25.

account.[16] A week later, she began experiencing technical problems.[17] "After multiple support chats and conversations, Defendant Apple, Inc. claimed Plaintiff was … 'delusional' and 'the technical issues she was experiencing were due to her inability to use the devices properly.'"[18]

Plaintiff "expended over $2,000" on the new Apple devices that did not function properly or, according to Apple, "were 'compromised due to fraud, a hacker, or a virus due to the negligence of Plaintiff.'"[19] In October 2023, she attempted to receive in-person technical support from Apple at a store in the Mall of Georgia but to no avail.[20] In November, Plaintiff made "one last attempt to resolve her previous and present iCloud account issues, device problems, and technical issues through a chat with Defendant Apple, Inc.'s support team[,]" but her issues were not resolved.[21]

Plaintiff alleges both Defendants engaged in "deceptive and fraudulent marketing and advertising tactics, oppressive customer and technical support service, subpar customer and technical support services, deceptive contractual agreements, refusal to admit culpability, and other fraudulent, malicious, oppressive acts" which caused her to lose "a plethora of information retained by Plaintiff under [her] iCloud account," such as

---

[16] *Id.* at ¶¶ 24-26.
[17] *Id.* at ¶ 27.
[18] *Id.* at ¶ 28.
[19] *Id.* at ¶ 33.
[20] *Id.* at ¶ 35.
[21] *Id.* at ¶ 37.

research, personal information, and irreplaceable photos.[22]

The only specific claim she asserts is under the Lanham Act, 15 U.S.C. § 1125.[23] She seeks $146,552.00 "for the purchase of two defective Apple devices, travel to and from support centers, time expended with customer service support/technical support, and loss of wages in attempt to resolve these issues." [24] She also seeks over $2 trillion in punitive damages.[25]

Defendants seek to dismiss Plaintiff's Complaint as a shotgun complaint, for failure to state any claim for relief, and for lack of jurisdiction.

## LEGAL STANDARD

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[26] Rule 10(b) further provides that the claims in a complaint must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[27] In addition to these procedural requirements, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[28] A claim is "facially plausible" when it is supported with facts that "allow [ ] the court to draw the reasonable inference that the defendant is

---

[22] *Id.* at ¶ 43.
[23] *Id.* at p. 19, ¶3(B).
[24] *Id.* at p. 18, ¶2.
[25] *Id.* at p. 18, ¶ 3.
[26] Fed. R. Civ. P. 8(a)(2).
[27] Fed. R. Civ. P. 10(b).
[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

liable for the misconduct alleged."[29] "Although courts must make reasonable inferences in Plaintiffs' favor at the pleading stage, we are not required to draw every inference that the plaintiff suggests."[30] While Plaintiff is not required to specifically plead these requirements in his complaint, he must "provide enough factual matter (taken as true) to suggest intentional race discrimination."[31]

*Pro se* pleadings must be construed liberally, and the allegations of a *pro se* complaint are held "to less stringent standards than formal pleading drafted by lawyers."[32] But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."[33] And "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."[34] "Thus, at a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."[35]

## ANALYSIS

### A. Shotgun Complaint

---

[29] *Id.*

[30] *Powers v. Secretary, U.S. Homeland Security*, 846 F. App'x 754, 757 (11th Cir. 2021) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).

[31] *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008).

[32] *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

[33] *Id.* at 1168-69.

[34] *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

[35] *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"[36] Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before the last count to be combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."[37] Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[38] And while courts "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys,"[39] courts "have little tolerance for shotgun pleadings."[40]

Plaintiff's Complaint is a shotgun pleading. It is replete with vague and immaterial facts not obviously connected to a cause of action; it does not assert any legal claims as separate counts; it fails to specify which defendants are responsible for which alleged legal

---

[36] *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

[37] *Id.* at 1321-23.

[38] *Id.* at 1323.

[39] *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018).

[40] *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

violation; and it fails to clearly explain how the alleged facts are connected to a specific claim for relief. Thus, Plaintiff's Complaint is subject to dismissal as a shotgun complaint.

**B. Failure to State a Claim**

Plaintiff also fails to state any claim upon which relief may be granted. Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[41] While this pleading standard "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[42] A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[43]

Plaintiff appears to bring false advertising claims against Defendants under the Lanham Act, 15 U.S.C. § 1125. But as a consumer, Plaintiff cannot maintain a cause of action under the Lanham Act. "'The Lanham Act creates a cause of action for unfair competition through misleading advertising or labeling. Though in the end consumers also benefit from the Act's proper enforcement, the cause of action is for competitors, not consumers.'"[44] "Competitors are within the class that may invoke the Lanham Act because they may suffer 'an injury to a commercial interest in sales or business reputation

---

[41] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[42] *Id.* (quoting *Twombly*, 550 U.S. at 555).
[43] *Twombly*, 550 U.S. at 555.
[44] *Wright v. Amazon.com*, Case No. 5:24-cv-422 (CAR), 2025 WL 478181, *2 (M.D. Ga. Feb. 12, 2025) (quoting *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 107 (2014)).

proximately caused by [a] defendant's misrepresentations.'"[45] The Lanham's Act private remedy "may be invoked only by those who 'allege an injury to a commercial interest in reputation or sales. A consumer who is hoodwinked into purchasing a disappointing product … cannot involve the protections of the Lanham Act."[46] "The principle reflects the Lanham Act's purpose of 'protect[ing] persons engaged in [commerce within the control of Congress] against unfair competition.'"[47]

Plaintiff's allegations make clear that she is not suing as Apple or AT&T's competitor, but rather as a "hoodwinked" consumer who is disappointed with her purchase of Apple devices. Thus, Plaintiff may not invoke the Lanham's Act private remedy.

Additionally, Plaintiff's vague allegations to unspecified tort, breach of contract, and/or fraud claims fails to state any claim for relief. To the extent Plaintiff intends to assert any such claim in an amended complaint, she must set forth specific allegations, laws, and the necessary elements of each claim to state a viable claim.[48]

As Apple points out in its Motion, the Court makes Plaintiff aware that Georgia's "economic loss rule prevents recovery in tort when a defective product has resulted in the

---

[45] *Id.* (quoting *Pom Wonderful*, 573 U.S. at 107).
[46] *Id.*
[47] *Id.*
[48] Any claim for fraud must adhere to the heightened pleading standards under Fed. R. Civ. P. 9(b), including the "who, what, when, where, and how" of the alleged fraudulent conduct. Generic allegations of fraudulent acts without specific factual support are insufficient.

loss of the value or use of the thing sold, or the cost of repairing it."[49] Georgia's "economic loss rule [ ] distinguish[es] between those causes of action that may be brought only in a contract warranty action and those that give rise to an action in tort. The rule acts as a shorthand means of determining whether a plaintiff is suing for injuries arising from the breach of a contractual duty to produce a product that conforms in terms of quality or performance to the parties' expectations or whether the plaintiff seeks to recover for injuries resulting from the breach of the duty arising independently of the contract to produce a nonhazardous product that does not pose an unreasonable risk of [physical] injury to person or property."[50] Plaintiff's allegations sound in state contract or warranty law and center on the alleged loss of the use of her devices; thus, it appears any tort claim would be barred.

### C. <u>Jurisdiction</u>

Plaintiff also fails to adequately establish this Court has subject matter jurisdiction over this case. As the party bringing the claim, Plaintiff bears the burden of establishing that this Court has subject matter jurisdiction over her claims.[51] Federal courts have limited subject matter jurisdiction and are empowered to hear only those cases within its statutory or constitutional authority.[52] Thus, federal courts have jurisdiction over cases raising federal questions or cases involving diverse citizens where the amount in controversy

---

[49] *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982)

[50] *Id.*

[51] *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016).

[52] *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

exceeds $75,000.[53] "If jurisdiction is based on either of these, the pleader must affirmative allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends."[54] Without such allegations, the Court must dismiss the action if the plaintiff does not cure the deficiency.[55]

In her Complaint, Plaintiff asserts the Court has diversity jurisdiction. To establish diversity of citizenship, Plaintiff must plead that the citizenship of the parties is diverse. Plaintiff's allegation of her state of residency is insufficient.[56] Plaintiff has also failed to adequately allege the amount in controversy exceeds $75,000.00. Plaintiff alleges she "expended over $2,000.00" for "two new Apple devices."[57] Although Plaintiff seeks $146,552.00 "for the purchase of two defective Apple devices, travel to and from support centers, time expended with customer service support/technical support, and loss of wages in attempt to resolve these issues,"[58] and over $2 trillion in punitive damages,[59] the allegations in her Complaint present no rationale for such damages. A plaintiff must plead an amount adequate to satisfy the amount-in-controversy requirement in good faith.[60] "The plaintiff's good-faith pleading will be second guessed only it appear[s] to a legal

---

[53] *Id.*; *see also* 28 U.S.C. §§ 1331, 1332(a).

[54] *Taylor*, 30 F.3d at 1367 (internal quotation marks omitted).

[55] *Travaglio v. Am. Express Co.*, 7365 F.3d 1266, 1268 (11th Cir. 2013); *see also* Fed. R. Civ. P. 12(h)(3) (explaining that a court must dismiss an action once it determines that it lacks subject matter jurisdiction).

[56] *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149-50 (11th Cir. 2021) ("Residency is necessary, but insufficient to establish citizenship in a state.").

[57] Compl. at p. 18.

[58] *Id.* at p. 18, ¶2.

[59] *Id.* at p. 18, ¶ 3.

[60] *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) (citation omitted).

certainty that the claim is really for less than the jurisdictional amount."[61] Here, the Complaint's allegations do not support a conclusion that to a legal certainty the controversy exceeds $75,000, exclusive of interest and costs. Thus, Plaintiff has failed to establish diversity jurisdiction.[62]

Plaintiff also cannot proceed under federal question jurisdiction. As explained above, because Plaintiff seeks redress under the Lanham Act for consumer rights, that claim cannot be maintained. Plaintiff asserts no other federal claim.

**D. <u>Leave to Amend Complaint</u>**

The Eleventh Circuit Court of Appeals has instructed that "[w]hen a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."[63] Given Plaintiff's *pro se* status, the Court will afford her an opportunity to amend her Complaint to state viable claims. In her amended complaint, Plaintiff must include a "statement of claims" sections. In that section, she must break down each claim she wishes to assert in numbered counts. Plaintiff must link any claims she makes to a named defendant. She must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of her rights under a specific law. The Court also recommends that, when drafting her "statement of claims," Plaintiff list numbered

---

[61] *Id.*

[62] *See, e.g., Baker v. Liquid Transp. Corp.*, Case No. 7:07-cv-20 (HL), 2007 WL 917218, at *2 (M.D. Ga. March 23, 2007) (holding that

[63] *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).

responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Plaintiff injured as result of each defendant's actions (or omissions)?

Plaintiff must also clearly state the basis for subject matter jurisdiction.

Plaintiff's amended complaint will take the place of and supersede her original complaint.[64] Plaintiff may not refer to, or incorporate by reference, her previous complaint. The Court will not look back to the facts alleged in the original complaint once any amended complaint is filed; the Court will only consider the facts in the amended complaint.[65]

E. **<u>Rule 11 Obligations</u>**

The Court informs Plaintiff of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs her representations to the Court:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation;

[64] *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013).

[65] *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filling of an amended pleading renders the previous pleading a "legal nullity.").

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[66]

F. **Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of technology such as ChatGPT, Google Gemini, Claude, Grok, or other generative artificial intelligence ("AI") services to prepare and file documents by unrepresented parties, who may not understand fully their pleading obligations. The Court cautions Plaintiff that these generative AI technologies may produce factually or legally inaccurate content.

The Court does not prohibit the use of AI, but to comply with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must review and verify all computer-generated content (including content from legal blogs and online summaries) to ensure that it is accurate and complies with Rule 11. To assist Plaintiff in meeting her pleading obligations, the Court **ORDERS** the follows:

**In all pleadings, including Plaintiff's amended complaint, Plaintiff must include a signed statement fully disclosing the use of AI to assist in the preparation and drafting of the pleading. In the statement, Plaintiff must certify that she has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply**

---

[66] Fed. R. Civ. P. 11(b).

**with this paragraph will result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## CONCLUSION

For the reasons stated above, Defendants' Motions [Docs. 9 and 10] are **GRANTED**.

Because Plaintiff is *pro se*, and "a more carefully drafted complaint might state a claim," the Court must afford her an opportunity to amend her Complaint.[67] Thus, Plaintiff is **ORDERED** to file any amended complaint by August 19, 2026. Any amended complaint will take the place of and supersede Plaintiff's original complaint.[68] Thus, if Plaintiff files an amended complaint, she must include all allegations. Plaintiff's failure to file an amended complaint will result in the dismissal of this case.

**SO ORDERED**, this 30th day of July, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

[67] *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).
[68] *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013).